Leslie T. Gladstone, Esq. (SBN 144615)
Andrew B. Levin, Esq. (SBN 290209)
FINANCIAL LAW GROUP
5656 La Jolla Blvd.
La Jolla, CA 92037
Telephone: (858) 454-9887
Facsimile: (858) 454-9596
E-mail: AndrewL@flgsd.com

Attorneys for Leslie T. Gladstone, Chapter 7 Trustee

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>MICHAEL EUGENE CHRISTOPHER,<br><br>Debtor. | Case No.: 23-02152-CL7<br><br>Adv. No.: ___<br><br>**COMPLAINT FOR (I) AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS AND UNAUTHORIZED POST-PETITION TRANSFERS AND (II) DISALLOWANCE OF CLAIM** |
| LESLIE T. GLADSTONE, Chapter 7 Trustee,<br><br>Plaintiff,<br><br>v.<br><br>FUSION ACADEMY SCHOLARSHIP FOUNDATION,<br><br>Defendant. | Date:    None Set<br>Time:    None Set<br>Dept:    One (1)<br>Honorable Christopher B. Latham |

Plaintiff Leslie T. Gladstone, the chapter 7 trustee (the "**Trustee**" or "**Plaintiff**") in the bankruptcy case of debtor Michael Eugene Christopher

IN RE MICHAEL EUGENE CHRISTOPHER         1                              COMPLAINT
CASE NO. 23-02152-CL7
GLADSTONE V. FUSION ACADEMY
SCHOLARSHIP FOUNDATION
ADV. NO. ___

("**Debtor**"), by and through her counsel, as and for her Complaint against Fusion Academy Scholarship Foundation ("**Defendant**"), respectfully alleges on behalf of the estate of Debtor (the "**Estate**") as follows:

## JURISDICTION AND VENUE

1. This proceeding arises in the bankruptcy case *In re Michael Eugene Christopher*, Case No. 23-02152-CL7 (the "**Case**"), which was commenced on July 28, 2023 (the "**Petition Date**"), when Debtor filed a voluntary petition under Chapter 7 of Title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of California (the "**Court**").

2. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. Sections 157 and 1334 and the Bankruptcy Code.

3. This adversary proceeding is a core proceeding under 28 U.S.C. Section 157(b) and this Court may, consistent with Article III of the Constitution, enter final orders or judgments and conduct a trial absent consent of the parties. If it is determined that this Court may not enter final orders or judgments or conduct a trial absent consent of the parties, Plaintiff hereby so consents.

4. Venue is proper in the Southern District of California pursuant to 28 U.S.C. Section 1409 because Christopher's Case is pending in this Court.

## PARTIES

5. Plaintiff is the chapter 7 trustee in this Case and was appointed by the United States Trustee for the Southern District of California on or about the Petition Date to represent the interests of the Estate in connection with Debtor's Case.

6. Plaintiff is informed and believes and thereon alleges that Defendant is a Michigan nonprofit corporation that maintains multiple school campuses in San Diego County, California.

FINANCIAL LAW GROUP
5656 La Jolla Boulevard
La Jolla, California 92037

IN RE MICHAEL EUGENE CHRISTOPHER
CASE NO. 23-02152-CL7
GLADSTONE V. FUSION ACADEMY
SCHOLARSHIP FOUNDATION
ADV. NO. ___

2

COMPLAINT

# GENERAL ALLEGATIONS

7. Plaintiff is informed and believes and thereon alleges that Debtor and Debtor's spouse, Marilyn Christopher ("**Ms. Christopher**"), maintained a Bank of America checking account with an account number ending in -1822 (the "**Bank of America Account**").

8. Plaintiff is informed and believes and thereon alleges that Debtor has a trading account with the brokerage firm, Interactive Brokers, LLC (the "**Interactive Brokers Account**" and, together with the Bank of America Account, the "**Accounts**").

9. Plaintiff is informed and believes and thereon alleges that any funds in the Accounts were at all times prior to the Petition Date community property of Debtor and Ms. Christopher.

10. Plaintiff is informed and believes and thereon alleges that between March 20, 2023, and July 3, 2023, Ms. Christopher withdrew and/or transferred at least $638,500.00 (the "**Transferred Funds**") from the Accounts.

11. Plaintiff is informed and believes and thereon alleges that on or about March 22, 2023, Debtor and Ms. Christopher initiated a dissolution of marriage proceeding in the Superior Court of California, County of San Diego, Case No. 23FL003229N (the "**Marriage Dissolution Proceeding**").

12. Plaintiff is informed and believes and thereon alleges that the Marriage Dissolution Proceeding is currently pending.

13. Plaintiff is informed and believes and thereon alleges that Debtor and Ms. Christopher have a minor child (the "**Child**").

14. Plaintiff is informed and believes and thereon alleges that no order establishing the obligations of Debtor to Ms. Christopher and/or any children of Debtor and Ms. Christopher has been entered in the Marriage Dissolution Proceeding.

IN RE MICHAEL EUGENE CHRISTOPHER
CASE NO. 23-02152-CL7
GLADSTONE V. FUSION ACADEMY
SCHOLARSHIP FOUNDATION
ADV. NO. ___
                                    3                                    COMPLAINT

15. Plaintiff is informed and believes and thereon alleges that prior to the Petition Date, Ms. Christopher unilaterally decided to enroll and/or continue the Child's enrollment in Defendant's school.

### The Pre-Petition Transfers

16. Plaintiff is informed and believes and thereon alleges that between May 16, 2023, and the Petition Date, Ms. Christopher transferred to Defendant not less than $25,168.16 comprised of the following transfers:

   (a) $1,470.00 on May 16, 2023;

   (b) $21,291.28 on June 9, 2023; and

   (c) $2,406.88 on June 16, 2023 (each a "**Pre-Petition Transfer**" and, collectively, the "**Pre-Petition Transfers**").

17. Plaintiff is informed and believes and thereon alleges that each Pre-Petition Transfer was made using the Transferred Funds.

18. Plaintiff is informed and believes and thereon alleges that each Pre-Petition Transfer was made to or for the benefit of Defendant regarding tuition and/or expenses related to the Child.

19. Plaintiff is informed and believes and thereon alleges that Defendant did not provide any value to Debtor in exchange for the Pre-Petition Transfers and, therefore, did not provide reasonably equivalent value to Debtor for the Pre-Petition Transfers.

20. Plaintiff is informed and believes and thereon alleges that, since the Pre-Petition Transfers were made, Defendant has not provided any value to Debtor in exchange for the Pre-Petition Transfers.

### Debtor's Insolvency

21. Plaintiff is informed and believes and thereon alleges that each Pre-Petition Transfer occurred within three months before the Petition Date.

FINANCIAL LAW GROUP
5656 La Jolla Boulevard
La Jolla, California 92037

IN RE MICHAEL EUGENE CHRISTOPHER
CASE NO. 23-02152-CL7
GLADSTONE V. FUSION ACADEMY
SCHOLARSHIP FOUNDATION
ADV. NO. ___

4                                                               COMPLAINT

22. Plaintiff is informed and believes and thereon alleges that at the time of the May 16, 2023 Pre-Petition Transfer, Debtor had approximately $4,818,504.87 in liabilities and $4,619,114.41 in assets.

23. Plaintiff is informed and believes and thereon alleges that at the time of the June 9, 2023 Pre-Petition Transfer, Debtor had approximately $4,818,504.87 in liabilities and $4,565,914.32 in assets.

24. Plaintiff is informed and believes and thereon alleges that at the time of the June 16, 2023 Pre-Petition Transfer, Debtor had approximately $4,818,504.87 in liabilities and $4,547,328.57 in assets.

25. Plaintiff is informed and believes and thereon alleges that, at the time each Pre-Transfer was made, Debtor's financial condition was such that the sum of his liabilities was greater than the value of all of his assets, at a fair valuation.

## The Post-Petition Transfers

26. Plaintiff is informed and believes and thereon alleges that, as of the Petition Date, the Transferred Funds in Ms. Christopher's possession, custody, or control became property of the bankruptcy Estate.

27. Plaintiff is informed and believes and thereon alleges that after the Petition Date, Ms. Christopher transferred to Defendant not less than $41,000 comprised of the following transfers:

    (a) $21,000.00 on August 3, 2023; and

    (b) $20,000.00 on November 10, 2023 (each a "**Post-Petition Transfer**") and collectively, the "**Post-Petition Transfers**").

28. Plaintiff is informed and believes and thereon alleges that each Post-Petition Transfer was made using the Transferred Funds.

29. Plaintiff is informed and believes and thereon alleges that none of the Post-Petition Transfers was authorized by any order of the Court or by the Bankruptcy Code.

**Disallowance of Claim**

30. To the extent Defendant files a proof of claim in the Case or otherwise requests payment from Debtor, the Estate, or the Trustee (collectively, the "**Claims**"), this Complaint is not intended to be, nor should it be construed as, a waiver of Plaintiff's right to object to such Claims for any reason, including, but not limited to, 11 U.S.C. Section 502, and such rights are expressly reserved. Notwithstanding this reservation of rights, Plaintiff seeks certain relief under 11 U.S.C. Section 502 as set forth below.

### FIRST CLAIM FOR RELIEF
### Avoidance of Fraudulent Transfer
### (11 U.S.C. § 548(a)(1)(B))

31. Plaintiff realleges and incorporates by reference in this claim for relief Paragraphs 1 through 30 of this Complaint as though fully set forth herein.

32. The Pre-Petition Transfers alleged herein were transfers of Debtor's interest in property.

33. Plaintiff is informed and believes and thereon alleges that the Pre-Petition Transfers occurred as follows:

   (a) $1,470.00 on May 16, 2023;
   (b) $21,291.28 on June 9, 2023; and
   (c) $2,406.88 on June 16, 2023.

34. The Pre-Petition Transfers alleged herein were made within two years before the Petition Date.

35. Plaintiff is informed and believes and thereon alleges that the Pre-Petition Transfers were made to Defendant.

36. As alleged in Paragraphs 21 to 25 above, Plaintiff is informed and believes and thereon alleges that Debtor was insolvent on the date that each Pre-Petition Transfer was made because at the time that each Pre-Petition Transfer

FINANCIAL LAW GROUP
5656 La Jolla Boulevard
La Jolla, California 92037

was made, Debtor's financial condition was such that the sum of his debts was greater than all of his assets, at a fair valuation.

37. As alleged in Paragraphs 18 to 20 above, Plaintiff is informed and believes and thereon alleges that Defendant did not provide any value to Debtor in exchange for the Pre-Petition Transfers.

38. As alleged in Paragraph 20 above, Plaintiff is informed and believes and thereon alleges that, since the Pre-Petition Transfers were made, Defendant has not provided any value to Debtor in exchange for the Pre-Petition Transfers.

39. Debtor received less than reasonably equivalent value in exchange for the Pre-Petition Transfers.

40. The Pre-Petition Transfers constitute fraudulent transfers under 11 U.S.C. Section 548(a)(1)(B) and are therefore avoidable by Plaintiff.

## SECOND CLAIM FOR RELIEF
### Avoidance of Unauthorized Post-Petition Transfers
### (11 U.S.C. § 549)

41. Plaintiff realleges and incorporates by reference in this claim for relief Paragraphs 1 through 40 of this Complaint as though fully set forth herein.

42. Plaintiff is informed and believes and thereon alleges that the Post-Petition Transfers were transfers of the Estate's interest in property.

43. Plaintiff is informed and believes and thereon alleges that each Post-Petition Transfer was made to Defendant.

44. Plaintiff is informed and believes and thereon alleges that the Post-Petition Transfers occurred as follows:

　　(a)　$21,000.00 on August 3, 2023; and

　　(b)　$20,000.00 on November 10, 2023.

45. Each Post-Petition Transfer occurred after the Petition Date.

FINANCIAL LAW GROUP
5656 La Jolla Boulevard
La Jolla, California 92037

46. As alleged in Paragraph 29 above, Plaintiff is informed and believes and thereon alleges that the Post-Petition Transfers were not authorized by any order of the Court or by the Bankruptcy Code.

47. The Post-Petition Transfer are avoidable by Plaintiff pursuant to 11 U.S.C. Section 549.

## THIRD CLAIM FOR RELIEF
### Recovery of Avoided Transfers or Value Thereof
### (11 U.S.C. § 550)

48. Plaintiff realleges and incorporates by reference in this claim for relief Paragraphs 1 through 47 of this Complaint as though fully set forth herein.

49. Plaintiff is informed and believes and thereon alleges that upon avoidance of the Pre-Petition Transfers under 11 U.S.C. Section 548(a)(1)(B) and avoidance of the Post-Petition Transfers under 11 U.S.C. Section 549, Plaintiff is entitled, pursuant to 11 U.S.C. Section 550, to recover for the benefit of the Estate the value of the Pre-Petition Transfers and the Post-Petition Transfers from (a) the Defendant, as the initial transferee, or (b) any immediate or mediate transferee of the Defendant.

## FOURTH CLAIM FOR RELIEF
### Disallowance of Claim
### (11 U.S.C. § 502(d))

50. Plaintiff realleges and incorporates by reference in this claim for relief Paragraphs 1 through 49 of this Complaint as though fully set forth herein.

51. Plaintiff is informed and believes and thereon alleges that Defendant is an initial transferee from whom property is recoverable under 11 U.S.C. Section 550.

52. Plaintiff is informed and believes and thereon alleges that Defendant is the transferee of the Pre-Petition Transfers, which are avoidable under Bankruptcy Code Section 548, and the transferee of the Post-Petition Transfers, which are avoidable under Bankruptcy Code Section 549, as set forth above.

53. Plaintiff is informed and believes and thereon alleges that Defendant has not paid the amount of the value of the Pre-Petition Transfers and the Post-Petition Transfers to Plaintiff pursuant to Bankruptcy Code Section 550 as set forth in the Third Claim for Relief above.

54. Any and all Claims of Defendant and/or its assignee(s) against the Estate must be disallowed until such time as Defendant pays or turns over to Plaintiff an amount equal to Defendant's liability under Bankruptcy Code Section 550.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

On the First Claim for Relief:

1. For a determination by the Court that the Pre-Petition Transfers were fraudulent transfers within the meaning of 11 U.S.C. Section 548(a)(1)(B);

2. For a judgment against Defendant avoiding the Pre-Petition Transfers in the total amount of $25,168.16, plus any additional amounts according to proof; and

3. For such other and further relief as the Court deems just and proper.

On the Second Claim for Relief:

4. For a determination by the Court that the Post-Petition Transfers were not authorized by the Court or the Bankruptcy Code and is avoidable pursuant to 11 U.S.C. Section 549;

5. For a judgment against Defendant avoiding the Post-Petition Transfers in the total amount of $41,000.00, plus any additional amounts according to proof; and

6. For such other and further relief as the Court deems just and proper.

On the Third Claim for Relief

FINANCIAL LAW GROUP
5656 La Jolla Boulevard
La Jolla, California 92037

IN RE MICHAEL EUGENE CHRISTOPHER      9      COMPLAINT
CASE NO. 23-02152-CL7
GLADSTONE V. FUSION ACADEMY
SCHOLARSHIP FOUNDATION
ADV. NO. ___

7. For a judgment granting Plaintiff the right to recover, for the benefit of the Estate, the value of the Pre-Petition Transfers and the Post-Petition Transfers from (a) Defendant as the initial transferee or (b) any immediate or mediate transferee of such initial transferee; and

8. For such other and further relief as the Court deems just and proper.

On the Fourth Claim for Relief:

9. For a judgment disallowing any Claims of Defendant and/or its assignee(s) against the Estate to the extent provided for under 11 U.S.C. Section 502(d); and

10. For such other and further relief as the Court deems just and proper.

On All Claims for Relief:

11. Plaintiff seeks prejudgment and postjudgment interest, attorneys' fees, costs of suit, collection costs thereafter, and all other amounts allowed by law.

Dated: June 16, 2025                FINANCIAL LAW GROUP

                                    By:   /s/ Andrew B. Levin
                                          Andrew B. Levin, Esq.
                                          Attorneys for Leslie T. Gladstone,
                                          Trustee

FINANCIAL LAW GROUP
5656 La Jolla Boulevard
La Jolla, California 92037